CATHERINE VAN HOUTEN

*v.*

WILLIAM H. POST et al.

A testator provided as follows: "I give and bequeath to my dear, beloved wife, Rachel, about nine acres that is by south of Edo P. Mercellus's land called the new lane, and also all my movable personal property to be left to discharge my debts, and so much of my real property to discharge the remainder of my debts, if any wanting, and the remainder of my property, of what nature soever, during her widowhood. I give and bequeath to my daughter Caty the one equal ffth part of the remainder, and the rest to my two sons John and George, equal, share and share alike." The will was proved December 28th, 1822. In 1823, the widow married Adrian Van Houten, who died in 1825. She continued in the possession of the nine acres until her death, in 1863, and her executors, to whom she gave a testamentary power of sale, continued to possess the premises until the filing of this bill.—*Held*, that, aside from the widow's and her executors' possession of the premises for about sixty years, the will gave her a fee simple in the nine-acre lot.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. P. Stevenson,* for complainant.

*Mr. J. S. Barkalow,* for George Post.

THE CHANCELLOR.

Adrian I. Post, by his will, dated June 3d, 1822, and proved December 28th in that year, made the following disposition of his estate :

"I give and bequeath to my dear, beloved wife, Rachel, about nine acres that is by south of Edo P. Mercellus's land, called the new lane, and also all my movable personal property to be left to discharge my debts, and so much of my real property to discharge the remainder of my debts, if any wanting, and the remainder of my property of what nature soever, during her widowhood. I give and bequeath to my daughter Caty the one equal fifth part of the remainder, and the rest to my two sons John and George, equal, share and share alike."

His widow in about a year after his death married Abraham Van Houten, who died in 1825. She died in 1863. By her will she directed her executors to sell and convey a lot of land, called "The Peace and Plenty Lot" (it is a part of the nine-acre lot and lies in what is now the city of Paterson), and divide the proceeds of the sale as follows: One-third to the complainant, her daughter, another third to George Post, her son, and the remaining third to Adrian Post and Elizabeth Hall, her grandchildren, children of her deceased son, John A. Post. Although a period of over twenty years has elapsed since her death, the executors have not sold that property. She had possession of it from the death of Adrian I. Post until her own death—over forty years—and she held it about forty years after she married Van Houten. Since her death her executors have had possession of the property, and have paid the taxes on it. The complainant is the daughter of Adrian I. Post. She is the person called his daughter Caty in his will. Adrian Post, one of the beforementioned grandchildren of Adrian I. Post, conveyed to her, January 19th, 1869, all his interest in the lot, and in the pro-

ceeds of sale thereof, under Rachel Van Houten's will. His wife did not join in the deed. John A. Post (son of Adrian I. Post) and his wife, by deed dated September 3d, 1829, conveyed to George Post all their undivided estate, right, title and interest in and to the real estate of Adrian I. Post, and George Post and his wife, by deed dated July 19th, 1830, conveyed that estate, right, title and interest to his mother, Rachel Van Houten. George Post gave a deed dated February 12th, 1876, to William H. Post, purporting to convey the undivided two-fifths of the plot in question. The bill is filed to compel the executors of Rachel Van Houten to execute the power of sale given to them by her will in reference to the property, and for other alternative relief, viz., a partition of the land or a sale under the direction of this court and the division of the proceeds. It also prays that the rights of the parties in the premises may be determined and settled. The controversy between the parties is as to their interests in the property ; the complainant insisting that, under the will of her father, her mother took a fee in the lot, and George and William H. Post, on the other hand, contending that she took only an estate *durante viduitate,* which terminated in 1823, or thereabouts, on her marriage to Abraham Van Houten. If she had no estate, except one for her widowhood, under the will of her husband, and obtained no title by adverse possession, or otherwise, then no title or interest in the property passed by her will. It has already been stated that she had possession of the lot under claim of absolute ownership for nearly forty years after her remarriage. Her claim seems to have been acquiesced in, and does not appear to have ever been questioned. And after her death her executors took possession of the property as part of her estate, and have kept it ever since—a period of about twenty years, and it does not appear that their right to do so was ever questioned. It seems quite clear that she took a fee in the property under Mr. Post's will. The first gift in that instrument is of this lot to her, and it is followed by a gift to her of all his movable personal property, out of which he provides that his debts shall be paid, but if it should prove insufficient, then he directs that so much of his real property, as may be necessary for

the purpose, be applied to make up the deficiency. He then gives to his wife, to whom he had already given the lot, the remainder (rest or residue) of his property, of whatever nature, for her widowhood, and then gives to his daughter, the complainant, one-fifth, and to each of his sons, George and John A., two-fifths of that remainder (or rest or residue), subject of course to his wife's estate therein for widowhood. He had other real property besides the lot in question—his farm of about thirty-two and one-half acres and a lot of about ten and one-half acres. Had he intended to give his wife the nine-acre lot for her widowhood only, he would not have mentioned it specially. It was by no means the most important part of his real estate. He not only makes particular mention of it, but describes it so as to identify it positively. The gift of that lot is unqualified, while the gift of the " remainder " is only for her widowhood. It is argued that he may have intended to give her this property with his movables merely in trust for the payment of his debts. The language of the will, will not admit of that construction.

The complainant is entitled to have the power executed.